IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGINALD L. GRANT, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:22-CV-0439-S-BH |
| AMAZON.COM SERVICES LLC, | § § § | |
| Defendant. | § | Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER

Based on the relevant filings and applicable law, *Plaintiff's Motion for Reconsideration as to Timeliness of Motion to Compel Discovery*, filed May 30, 2023 (doc. 50), is **DENIED as untimely**.

### I.

The defendant removed this action on February 23, 2022. (*See* doc. 1.) On March 21, 2022, a scheduling order was entered that stated, in relevant part, that all discovery must be initiated in time to be completed by December 19, 2022, and that any motions to compel discovery must be filed no later than November 14, 2022. (doc. 6 at 1.) On January 17, 2023, the defendant timely filed a motion for summary judgment, which is pending. (*See* doc. 32.)[2]

On January 13, 2023, the plaintiff filed his first motion to compel discovery, and he filed a second motion on April 20, 2023. (*See* docs. 30, 48.) Both motions were denied as untimely

---

[1]By *Special Order 3-251*, this *pro se* case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2]Although the deadline for summary judgment motions was January 16, 2023, that date fell on a federal holiday, and the next business day was January 17, 2023.

1

without prejudice to filing a motion that specifically addressed whether the untimely discovery motions should be considered based on the factors set out in *Days Inn Worldwide, Inc. v. Sonia Investments,* 237 F.R.D. 395, 398 (N.D. Tex. 2006). (*See* docs. 32, 49.) The first order also noted that the plaintiff had failed to confer with the defendant as required by the local rules. (*See* doc. 32.) His second motion contained a certificate of service. (*See* doc. 48.)

The plaintiff again seeks to compel discovery, contending that he has made five requests for discovery, each time modifying and reducing his requests. (*See* doc. 50 at 1.) He claims that he has been diligent in requesting discovery and that he has no reasonable expectation that the defendant will cooperate without court involvement. (*See id.* at 5.) He also notes that he is simultaneously litigating another lawsuit which is set for trial on May 31, 2023. (*See id.*) His motion again fails to reflect a conference with the defendant.

**II.**

Rule 37 of the Federal Rules of Civil Procedure, which governs motions to compel discovery, provides no deadline for the filing of discovery motions. *Days Inn Worldwide, Inc. v. Sonia Investments,* 237 F.R.D. 395, 396 (N.D. Tex. 2006). Rule 16(b), however, provides that courts shall, in appropriate cases, issue scheduling orders limiting the time for joining parties and amending pleadings, filing motions, *completing discovery*, modifying the disclosure deadlines, trial matters, and any other appropriate matters. *Id.* Where a scheduling order establishes a date for the completion of discovery, a party is required to obtain all necessary discovery by that date. *See id.* at 398.

The Fifth Circuit Court of Appeals has noted that its "precedent suggests that a district court is within its discretion to deny a motion to compel filed on or after the court-ordered

2

discovery deadline—regardless of the requested discovery's value to the party's case." *McCollum v. Puckett Machinery Co.*, 628 F. App'x 225, 228 n. 4 (5th Cir. 2015) (citing *Grey v. Dallas Indep. Sch. Dist.*, 265 F. App'x 342, 348 (5th Cir. 2008) (finding no abuse of discretion in the denial of a motion to compel discovery filed on the day of the discovery deadline after an extensive discovery period); *Turnage v. Gen. Elec. Co.*, 953 F.2d 206, 209 (5th Cir.1992) (holding that the district court did not abuse its discretion when it denied plaintiff's request to conduct potentially dispositive discovery, "given (i) the imminence of trial, (ii) the impending discovery deadline, and (iii) [plaintiff's] failure to request an inspection earlier"); *Days Inn*, 237 F.R.D. at 398-99 (noting that relevance and importance of discovery were not generally considered by courts in deciding whether to consider an untimely motion, and that both were inconsistent with a delay in seeking the discovery)).  When a motion is filed after the discovery deadline, courts have considered a number of factors in determining whether the motion is untimely and/or should be permitted, including (1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or filed, (6) the age of the case, (7) any prejudice to the party from whom late discovery was sought, and (8) disruption of the court's schedule.  *Days Inn*, 237 F.R.D. at 398.

      The *Days Inn* factors weigh heavily in favor of disallowing the motion as untimely.  The plaintiff's current discovery motion was filed more than six months after the deadline for discovery motions.  He was notified of the untimeliness of his first motion in January 2023, and specifically cited to the factors he must address in order for his motions to be heard.  He waited

three months to file a second untimely motion and made no attempt to address the relevant factors. He waited another month before finally attempting to show why his untimely motion should be allowed. Although the discovery deadline has not been extended, the plaintiff's only explanation for his tardiness or delay is an effort to obtain the defendant's cooperation before filing his motion. *Days Inn* noted the court's apt statement in *Wells v. Sears Roebuck and Co.*, 203 F.R.D. 240, 241 (S.D. Miss. 2001), that "if the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel. If he fails to do so, he acts at his own peril." 237 F.R.D. at 399; *see also Suntrust Bank v. Blue Water Fiber, L.P.,* 210 F.R.D. 196, 200-01 (E.D. Mich. 2002) (finding failure to promptly enforce discovery rights constituted a waiver of such rights)(citing *Choate v. National Railroad Passenger Corp.*, 132 F. Supp. 2d 569 (E.D. Mich. 2001)); 8 A Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, *Federal Practice and Procedure* § 2285 (2d ed.1994) (generally, if a moving party has unduly delayed in filing a motion for an order compelling discovery, a court may conclude that the motion is untimely). The defendant's dispositive motion is pending. The plaintiff has not explained or shown why his third late-filed discovery motion should be allowed under the facts of this case.

### III.

The plaintiff's motion to compel is **DENIED** as untimely.

**SO ORDERED**, on this 31st day of May, 2023.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE